**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TROY FOSTER, | No. 12-15949 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00431-ECR-WGC |
| v. | |
| STARLIN GENTRY; MITCHELL NIELSEN; CHRISTOPHER POPE; PAUL SIMMS; ROGER TERANCE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Submitted January 15, 2013[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Troy Foster, a Nevada state prisoner, appeals pro se from the district court's

summary judgment in favor of Defendants in his 42 U.S.C. § 1983 action alleging

violations of the Fourth Amendment. He also appeals the district court's decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to dismiss his Eighth and Fourteenth Amendment, 42 U.S.C. § 1986, conspiracy, and state law claims pursuant to 28 U.S.C. § 1915A. We have jurisdiction under 28 U.S.C. 1291. We review a district court's grant of summary judgment and dismissal of claims at the screening level de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 846 (9th Cir. 2013). We affirm.

Foster argues that the district court erred by granting summary judgment on his Fourth Amendment claim. Summary judgment may be affirmed on any ground supported by the record. *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009). Reasonable strip searches do not violate prisoners' rights under the Fourth Amendment. *See Bull v. City and County of San Francisco*, 595 F.3d 964, 975 (9th Cir. 2010).

The scope, justification, and place of the search indicate that it was reasonable. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The prison's practice of searching new inmates has a valid and rational connection to preventing contraband from entering into the institution. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987).

The district court did not err by dismissing Foster's Eighth and Fourteenth Amendment claims, conspiracy claims, § 1986 claims, and state law claims

because he failed to allege facts sufficient to support any of these claims. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Foster's remaining arguments are

not supported by the record and are unpersuasive.

**AFFIRMED**